# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ESTATE OF MOE NORMAN, TODD )
GRAVES, and TODD GRAVES GOLF )
SCHOOL, LLC, )
                                  )
     Plaintiffs, )
                                  )
v.                                  )    Case No. CIV-14-1435-M
                                  )
GREG LAVERN, )
                                  )
     Defendant. )

## ORDER

Before the Court is Plaintiffs' Motion for Default Judgment and Brief in Support, filed April 21, 2017. On May 5, 2017, defendant responded. Based on the parties' submissions, the Court makes its determination.

Plaintiffs seek an order from this Court entering default judgment against defendant for violating the Court's April 5, 2017 Order requiring defendant to sit for a deposition with plaintiffs no later than April 21, 2017, and enjoining defendant from selling his book "Finish to the Sky - The Authentic Tournament Winning Golf Swing of Canadian Master Ball Striker Moe Norman, I Personally Experienced (Volume 2)." Specifically, plaintiffs contend that defendant was a no show for the deposition scheduled for April 21, 2017[1], and that defendant continues to sell his book. Defendant contends that he advised plaintiffs, prior to the deposition, that due to his health

---

[1] Plaintiffs contend that, pursuant to Federal Rule of Civil Procedure 45, they located the law firm Beaton, Blaikie Nurse & Farrell located in Amherst, Nova Scotia, 82 miles from defendant's residence, to conduct the deposition. Plaintiffs contend that it was important to have the deposition at this law firm so sufficient legal staff would be available, including a court reporter, to conduct the deposition.

condition, he would not be able to travel to the location plaintiffs selected for the deposition.[2] Further, defendant contends that he suggested to plaintiffs to conduct the deposition at the Atlantic Technology Centre in Charlottetown, PEI, where defendant resides. Defendant further advises that he is no longer selling his book online, pursuant to the Court's Order.

Having carefully reviewed the parties' submissions, the Court finds that entering default judgment would not be appropriate in this matter. The Court understands that plaintiffs, in compliance with Rule 45, scheduled a location for the deposition within 100 miles from defendant's residence; however, defendant responded and informed plaintiffs that he would not be able to travel to that location for medical reasons and, therefore, was not attending the deposition. While plaintiffs did offer to transport defendant to the deposition site, no evidence has been presented to show that plaintiffs even attempted to accommodate defendant in having the deposition at the location he suggested.[3] Therefore, the Court finds that plaintiffs' motion for default judgment should be denied.

---

[2] On April 28, 2017, defendant filed his Response to Deposition of Greg Lavern, and advised the Court that as a result of the location of the deposition selected by plaintiffs, that he would not be attending the deposition due to his health issues. *See* [docket no. 171] and Ex. 4 attached to defendant's response.

[3] On April 5, 2017, plaintiffs' counsel contacted defendant via email and informed defendant of the Court's Order requiring defendant to sit for a deposition. Plaintiff's counsel asked defendant to "please advise where the nearest video-conferencing facility [was] to [his] home." Ex. 1, Email between Bryan Sugar and Greg Lavern, attached to defendant's response. On April 6, 2017, plaintiffs' counsel advised defendant via email that he was "working out the details of [the] deposition." Ex. 3, Email between Bryan Sugar and Greg Lavern, attached to plaintiffs' Mot. for Default. J. On April 7, 2017, defendant sent plaintiffs' counsel a letter informing them of the video conferencing center in Charlottetown, PE, Ex. 2, Letter to Bryan Sugar and Maxwell Petersen from Greg Lavern, attached to defendant's response, and plaintiffs' counsel sent defendant an email and advised that they would be moving forward with the deposition at the law firm that was 82 miles from defendant's residence. *See* Ex. 3, Email from Bryan Sugar to Greg Lavern, attached to plaintiffs' Mot. for Default J.

Accordingly, the Court DENIES Plaintiffs' Motion for Default Judgment and Brief in Support [docket no. 162].

**IT IS SO ORDERED this 15th day of May, 2017.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE