IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ESTATE OF MOE NORMAN, TODD GRAVES, and TODD GRAVES GOLF SCHOOL, LLC, | ) ) ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) | Case No. CIV-14-1435-M |
|  | ) |  |
| GREG LAVERN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

Before the Court is plaintiffs' Motion to Dismiss, filed February 28, 2018. On March 5, 2018, defendant filed his response, and on March 7, 2018, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

Pursuant to Federal Rule of Civil Procedure 41(a)(2), plaintiffs move this Court to dismiss this case in its entirety[1] and without an award of attorneys' fees or costs to defendant. Specifically, plaintiffs assert that despite the strength of their claims, they are financially unable to continue with this litigation. Defendant contends that if the Court is inclined to dismiss plaintiffs' claims, it should at least do so with prejudice and subject to certain conditions. Specifically, defendant contends that this Court should find this to be an exceptional case and award defendant his reasonable attorneys' fees or, alternatively, find that defendant is the prevailing party which would entitle him to subsequently move for fees.

---

[1] In their reply, plaintiffs make it clear that they are seeking to dismiss this action with prejudice.

Rule 41(a)(2) provides in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

> Absent "legal prejudice" to the defendant, the district court normally should grant such a dismissal [under Rule 41(a)(2)]. The parameters of what constitutes "legal prejudice" are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation for the need for a dismissal; and the present stage of the litigation. Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper.

*Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (internal citations omitted).

Having carefully reviewed the parties' submissions, as well as the court file in this case, the Court finds that this action should be dismissed with prejudice pursuant to Rule 41(a)(2). Specifically, having considered the factors set forth above, the Court finds that because this case will be dismissed <u>with prejudice</u>, there will be no legal prejudice to defendant, even considering defendant's effort and expense over the last approximately three and a half years since this case was filed. Further, the Court finds there has been no excessive delay or lack of diligence on the part of plaintiffs, plaintiffs have provided a sufficient explanation for the need for a dismissal, and while this case is set on the Court's May 2018 trial docket, plaintiffs' motion was filed prior to defendant filing a motion for summary judgment and prior to any pretrial motions being filed, and was not filed on the eve of trial. Accordingly, the Court finds that plaintiffs' motion to dismiss should be granted.

Since the Court has determined that this case should be dismissed with prejudice, the Court must now determine whether an award of attorneys' fees should be a condition of such dismissal.

The Tenth Circuit "adhere[s] to the rule that a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances." *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997). Exceptional circumstances include such situations as where a plaintiff "makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system." *Id.* Having reviewed the parties' submissions, as well as the court file, the Court finds there is not sufficient evidence that plaintiffs have engaged in any practice that would constitute exceptional circumstances to justify an award of attorneys' fees under the provisions of Rule 41(a)(2).[2]

Accordingly, the Court GRANTS plaintiffs' Motion to Dismiss [docket no. 220] and DISMISSES this action with prejudice.

**IT IS SO ORDERED this 12th day of March, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] In his response, defendant asserts that if the Court is unwilling to condition dismissal on the payment of defendant's fees and costs, it should determine defendant is the "prevailing party." Plaintiffs did not address this assertion in their reply. In relation to this issue, the Court would simply note that the Tenth Circuit has ruled that a plaintiff's dismissal of its complaint renders the defendant a prevailing party. *See Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456 (10th Cir. 1995).